**EXHIBIT A**

Electronically Filed
6/2/2022 1:00 PM
Steven D. Grierson
CLERK OF THE COURT

COM
G. OLIVER MELGAR, ESQ.
Nevada Bar No. 10146
REVOLUTIONARY LAW
711 South 6th Street
Las Vegas, Nevada 89101
P: (702) 255-5552
F: (702) 507-1467
oliver@revolutionarylaw.com
*Attorney for Plaintiff*

CASE NO: A-22-853465-C
Department 9

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| DAVID BOGLE,<br><br>Plaintiff,<br><br>vs.<br><br>REGAL CINEMAS, INC., REGAL COLONNADE, REGAL ENTERTAINMENT GROUP, DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive.<br><br>Defendants. | CASE NO.:<br>DEPT. NO.: |

## COMPLAINT

DAVID BOGLE, Plaintiff, by and through G. OLIVER MELGAR, ESQ. of the law firm of REVOULTIONARY LAW, sues Defendant and alleges as follows:

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.
2. At all times material, Plaintiff, DAVID BOGLE, was a resident of Clark County, State of Nevada.
3. At all times material, Defendant, REGAL CINEMAS, INC., REGAL COLONNADE, REGAL ENTERTAINMENT GROUP was doing business in Las Vegas, Nevada and is subject to jurisdiction in Clark County, Nevada.

4. Upon information and belief, at all times material herein, Doe and Roe Defendants 1 through 200 were legal residents/entities of Clark County, Nevada, and authorized to do business by the State of Nevada, and/or were employees, agents, or servants of Defendants.

5. The true names and capacities of Defendants, Doe and Roe 1 through 200, are unknown. Plaintiff alleges that the Defendants Doe and Roe 1 through 200 were responsible for the Plaintiff's injuries; and are liable for Plaintiff's damages. Plaintiff will ask leave of court to amend this Complaint and insert the names and capacities of Doe and Roe 1 through 200 when they are discovered.

6. On or about July 6, 2021, Plaintiff DAVID BOGLE was lawfully on the premises at Defendants REGAL CINEMAS, INC., REGAL COLONNADE, REGAL ENTERTAINMENT GROUP property as a paying guest, (hereafter "Defendants").

7. Plaintiff walked down the movie theater corridor and suddenly tripped and fell on a lip of carpet exposing a round metal plug. Defendant's negligence caused Plaintiff to trip and fall on the exposed carpet and the metal plug sticking up.

8. As a result, Plaintiff DAVID BOGLE, suffered severe bodily injury.

9. Defendants had notice of the hazard that caused Plaintiff harm.

10. Defendants property owed a duty to warn Plaintiff of perils that would foreseeably harm him, including placing warnings of a hazard on the floor.

11. Defendants property knew or should have known that they owed a duty to maintain a safe premise to protect persons such as plaintiff from harm, including curing hazards on the walkway and ground.

12. Defendants property in maintenance of the movie theater and walkways, were placed on notice or should have been placed on notice of the dangerous condition of the cut up carpet and metal plug sticking out of the floor because a reasonable person taking care of the property would have discovered and removed or repaired it.

13. At all times material, Defendants' were in control of, and responsible for maintaining the premises in a reasonably safe condition to protect persons, such as Plaintiff, from harm.

14. Defendants breached their duty to Plaintiff in one or more of the following respects, but not limited to:

    a. Failure to exercise reasonable care in performing routine cleaning maintenance of the premises.
    b. Failure to warn guests of dangerous conditions on the premises.
    c. Failure to inspect for dangerous conditions on the premises.
    d. Failure to cure dangerous conditions on the premises.
    e. Failure to follow safety protocol.

15. Defendants breached these duties directly and proximately caused Plaintiff's injuries.

16. Plaintiff has suffered injury and damages in an amount in excess of $15,000.00.

17. At all times material, Defendants' were in control of, and responsible for training, hiring, and/or screening employees/contractors working on its premises, in a way designed to protect persons such as Plaintiff from harm.

18. Defendants property breached their duty to Plaintiff in one or more of the following respects, but not limited to:

    a. Failing to adequately supervise employees, agents, contractors and/or subsidiaries.
    b. Failing to adequately train employees, agents, contractors and/or subsidiaries.
    c. Failing to adequately screen potential employees, agents, contractors and/or subsidiaries before their hiring/contracting.
    d. Failing to follow safety protocol.

19. Defendants breach of these duties directly and proximately caused Plaintiff's injuries.

20. Plaintiff has suffered injury and damages in an amount in excess of $15,000.00.

**WHEREFORE**, Plaintiff, expressly reserving her right to amend this complaint at the time of, or prior to trial, prays for judgment against the Defendants', and each of them, as follows:

1. For General and Special Damages sustained by Plaintiff in a sum in excess of $15,000.00;
2. For Attorney's Fees and Costs of suit incurred herein;
3. For interest at the statutory rate;
4. For such other relief as this Court deems appropriate.

Dated this 2 day of June, 2022.

BY: _____
G. OLIVER MELGAR, ESQ.
Nevada Bar No. 10146
REVOLUTIONARY LAW
711 South 6th Street
Las Vegas, Nevada 89101
P: (702) 255-5552
F: (702) 507-1467
Attorney for Plaintiff